Nash, J.
 

 There is no one principle of law better es« tablished or more universally recognized by the profession, than that a matter, once judicially determined by a tribunal of competent jurisdiction, is binding between those, who are parties or privies to it, while it remains unreversed. Between them its absolute verity cannot be collaterally impeached. The case we are considering is, as to the question now before us. controlled and governed by it. The County Court of Martin, at its July Term, was fully competent to decide the question before it. It is not necessary we should decide, whether the magistrates, who bound the defendant over to Court, could at that time hear any reasons or testimony on the part of the defendant, why he should not enter into the recognizance required in such cases, or whether it was the duty of the defendant then to bring forward his defence. It is sufficient, that he availed himself of the first opportunity given him, before the tribunal, which alone could try the issue of his actual guilt, to make the objection. Nor is it any objection, that the proceedings were dismissed on the motion of the defendant before the child was born. It
 
 *490
 
 was open to him to submit a motion to quash at anytime, before issue joined, and it was competent to the Court to hear it. The defendant came before the Court, we think, in apt time and in apt order. It is not denied, that this is a defect, upon which the accused may insist, at some time and in- some form. If known to the magistrates, at the time they were called on to take the examination ofLu-cinda Simpson, they might and ought to have rejected her evidence ; and, when brought into the County Court, the defendant was at liberty to take the exception, at any time before he claimed the issue, provided for him by law.
 
 State
 
 v.
 
 Ledbetter,
 
 4 Ire. 242.
 
 State
 
 v.
 
 Patton,
 
 5 Ire. 180. The motion to quash, made at July Term upon the first proceedings, was one, which the Court had full power to hear and try; and they, having adjudicated, both upon the law and the evidence, as they were necessarily bound to do, their judgment, while it stands unreversed, is binding upon the parties, and the proceedings were rightfully quashed in the Superior Court. The question, as to the competency of Lucinda Simpson to give evidence against the defendant, is one not open upon the present proceedings. Instead of instituting the second proceedings, the first case might have been brought up by an appeal or by a writ of certiorari.
 
 Ledbetter's ease,
 
 4 Ire. 242.
 

 Per Curiam. Judgment affirmed.